**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIAN OSWALDO ESQUIVEL-HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 19-70001

Agency No. A212-909-722

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Adrian Oswaldo Esquivel-Hernandez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

We do not address Esquivel-Hernandez's contentions as to the timeliness of his asylum application because the BIA assumed it was timely and addressed the merits of his claim. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The BIA did not err in finding that Esquivel-Hernandez's social group based on resisting gang violence was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that Esquivel-Hernandez otherwise failed to show the harm he suffered or fears was or would be on account of a protected ground. *See Zetino v.*

2                                                                                              19-70001

*Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). We lack jurisdiction to consider Esquivel-Hernandez's social group based on his status as a former gang member because he did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, his asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Esquivel-Hernandez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

To the extent that Esquivel-Hernandez raises humanitarian asylum and political opinion claims, we lack jurisdiction to consider them. *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**